| District Court, __Alamosa__ County, Colorado | |
|---|---|
| Court address: 702 4th Street<br>Alamosa, CO 81101 | |
| Plaintiff(s): Donna Martinez and Frank Valdez | |
| Defendant(s): San Luis Valley Regional Medical Center, Inc. and Tammy Gregg, D.O. | |
| Attorney or Party Without Attorney (Name and Address):<br>Julia T. Thompson<br>Schoenwald & Thompson LLC<br>1890 Gaylord Street<br>Denver, CO 80206 | ▲ COURT USE ONLY ▲ |
| Phone Number: 303-837-9000 E-mail: firm@milehighlaw.com<br>FAX Number: 303-322-3423 Atty. Reg. #: 25897 | Case Number: 2010CV45<br>Division: Courtroom: |

## SUMMONS

The People of the State of Colorado,
To the Defendant(s) named above:

You are summoned and required to file with the clerk of this court an answer or other response to the attached complaint within twenty (20) days after this summons is served on you in the State of Colorado, or within thirty (30) days after this summons is served on you outside the State of Colorado.

If you fail to file your answer or other response to the complaint in writing within the applicable time period, judgment by default may be entered against you by the court for the relief demanded in the complaint, without any further notice to you.

The following documents are also served with this summons:

Date: _____June 21, 2011_____  _____[signature]_____
Attorney for Plaintiff or Clerk/Deputy Clerk of Court

This summons is issued pursuant to Rule 4, CRCP, as amended. A copy of the complaint must be served with this summons.

### RETURN OF SERVICE

State of _____ County of _____
I declare under oath that I served this summons and a copy of the complaint in this case on _____
_____ in _____ County on _____ (date), at _____ (time),
at the following location: _____
☐ by handing it to a person identified to me as the defendant.
☐ by leaving it with the defendant who refused service.
☐ by leaving it with _____ designated to receive service for the defendant.
☐ I am over the age of 18 years and am not interested in nor a party to this case.
☐ I attempted to serve the defendant on _____ occasions but have not been able to locate the defendant. Return to the plaintiff is made on _____ (date).

Subscribed and sworn to before me this _____ day of _____, 20 _____ in _____
County of _____, State of _____.

Notary Public*  Signature  Date
  as ☐ Private process server
  ☐ Sheriff, _____ County
  Service $ _____
*Notary should include address and expiration date of commission.  Mileage $ _____

No. 195CA. Rev. 7-80. SUMMONS IN CIVIL ACTION
Bradford Publishing, 1743 Wazee St., Denver, CO 80202 — (303) 292-2500 — www.bradfordpublishing.com — 8-00

| | |
|---|---|
| DISTRICT COURT, COUNTY OF ALAMOSA, COLORADO<br><br>Court Address:<br>702 4th Street<br>Alamosa, CO 81101<br><br>Plaintiffs: DONNA MARTINEZ and FRANK VALDEZ<br><br>Defendants: SAN LUIS VALLEY REGIONAL MEDICAL CENTER, INC. and TAMMY GREGG, D.O.<br><br>Attorneys: Lawrence J. Schoenwald<br>Julia T. Thompson<br>Schoenwald & Thompson LLC<br>Address: 1900 Grant Street, Suite 820<br>Denver, CO 80203<br>Phone Number: (303) 837-9000<br>Fax Number: (303) 837-9406<br>E-mails: larrys@milehighlaw.com<br>juliat@milehighlaw.com<br><br>Atty. Reg. Nos: 5002 and 25897 | ▲ COURT USE ONLY ▲<br><br>Case Number:<br><br>Div.: Ctrm: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiffs, Donna Martinez and Frank Valdez, by and through their attorneys, Schoenwald & Thompson LLC, brings this Complaint and Jury Demand against Defendants San Luis Valley Regional Medical Center, Inc. and Tammy Gregg, D.O. and further states as follows:

1. Plaintiffs Donna Martinez and Frank Valdez ("Plaintiffs") are the natural parents of Yazmine Elisa Valdez, the decedent child.

2. At all material times, Plaintiffs were residents in Alamosa County, Colorado.

3. At all material times, Defendant San Luis Valley Regional Medical Center, Inc. (hereafter "Defendant Hospital") was a duly organized and licensed hospital in Alamosa, Colorado, and was operating as such in Alamosa County, Colorado by and through its agents and employees.

4. Defendant Hospital is liable for the acts and omissions of its health care providers and other employees as set forth in this Complaint. Its health care providers and employees provided services to Plaintiffs in the course and scope of their employment with Defendant Hospital, which had the right to exercise control and supervision over the services provided by them.

5. Defendant Tammy Gregg, D.O. is a family practice physician who has privileges at Defendant Hospital for labor and delivery, including privileges for non-operative deliveries utilizing forceps and/or vacuum extractors.

6. The terms "Defendant" or "Defendants," as used hereinafter, include the employees, agents, representatives, officers, staff, and any other persons under the supervision and/or control of the named Defendants, as well as their predecessors and successors in interest.

7. The tortious conduct alleged herein occurred in the State of Colorado.

8. On or about November 28, 2008, Plaintiff Donna Martinez presented in labor.

9. When Plaintiff Martinez on November 28, 2008, Yazmine was a viable and healthy baby waiting to be born.

10. Upon admission, Yazmine's fetal monitoring strip showed good rate, baseline and variability.

11. During the labor and delivery process there were multiple times that Yazmine's fetal monitoring strips showed late decelerations and/or lacked variability.

12 At no time during the late decelerations or lack of variability did employees of Defendant Hospital contact Defendant Gregg.

13. Upon information and belief, Defendant Gregg was watching certain parts of the fetal monitoring strips.

14 When there was an artificial rupture of membranes, there was meconium in the fluid.

15. At no time were the Plaintiffs ever advised of any problems during the labor and delivery process and given the option of a cesarean section.

16. Yazmine was born with apgars of 1, 0 and 0. She could not be resuscitated and died.

2

17. As a direct result of the negligence of the Defendants as set forth in this Complaint, Plaintiffs have suffered and have continued to suffer injuries, damages and losses from the wrongful death of Yazmine, including, without limitation: any economic losses, including any expenses from the wrongful death Yazmine, funeral and burial expenses, loss of income, and the value of lost services and benefits that Plaintiffs might have reasonably expected to receive from Yazmine, had she lived; any non-economic losses and injuries, including damages for grief, loss of companionship, impairment of quality of life, inconvenience, pain and suffering, emotional distress, psychological complications and other non-economic losses, past and future. Plaintiffs claim damages pursuant to C.R.S. §13-21-203, in an amount to be determined by the trier of fact.

### CLAIM FOR RELIEF
(Negligence, Direct and Vicarious)

18. Plaintiffs incorporate all other paragraphs in this Complaint.

19. Defendant Hospital is vicariously liable for the negligence of its employees, agents and representatives who participated in the care and treatment of Plaintiff Donna Martinez and Yazmine Valdez.

20. Defendant Hospital's employees were negligent in failing to adequately respond to Yazmine Valdez's signs, symptoms and complaints.

21. The persons for whom Defendant Hospital is vicariously liable were acting within the scope and course of their employment with Defendant Medical Center and that negligence includes, but is not limited to one or more of the following:

a. Failure to recognize problems with the monitoring strips and notify the appropriate medical professionals;

b. Failure to properly monitor Plaintiff Donna Martinez and Yazmine Valdez; and

c. Failure to communicate with medical professionals concerning the progress of the labor and delivery of Plaintiff Donna Martinez.

22. Defendant Hospital was directly negligent in its care and treatment of Plaintiff and that negligence includes, but is not limited to, one or more of the following:

a. Failure to have adequate policies and procedures for evaluating when a physician should be contacted regarding fetal monitoring strips;

b. Failure to adequately evaluate, screen and monitor Dr. Gregg's care, techniques and outcomes.

   c.  Failure to implement policies, procedure and guidelines identifying situations to assist a nurse or hospital employee when observing conduct that is potentially harmful to the patient.

   23. Defendant Hospital is liable for injuries, damages and losses to Plaintiffs as set forth above.

### SECOND CLAIM FOR RELIEF
(Negligence – Defendant Gregg)

   24. Plaintiffs hereby incorporate all other paragraphs in this Complaint.

   25. Defendant Gregg was negligent in the care and treatment provided to Plaintiff Donna Martinez and Yazmine Valdez while "in utero," during the birth process and post-delivery, and failed to meet the standard of care for physicians practicing in the same specialty as Defendant Gregg at that time under similar circumstances. Said negligence includes, but is not limited to the following:

   a.  failure to timely diagnose the condition of Plaintiff Donna Martinez and Yazmine Valdez;

   b.  failure to adhere to obstetrical/family physician standards during the course of labor and delivery by vacuum extraction;

   c.  failure to perform delivery techniques and maneuvers necessary to ensure a safe vaginal delivery;

   d.  failure to recognize the signs, symptoms and complaints of Donna Martinez and Yazmine Valdez, to prevent harm to Yazmine Valdez; and

   e.  failure to promptly recognize and arrange for a cesarean section to prevent harm to Yazmine Valdez

   26. As a direct and proximate result of the negligence of Defendant Gregg, Plaintiffs have suffered injuries, damages and losses as heretofore alleged in paragraphs as set forth above.

   WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants in an amount to be determined by the trier of fact, including pre-judgment interest provided by law, costs and such other and further relief as the Court deems just and proper.

4

## JURY DEMAND

Plaintiffs hereby demand trial of the issues herein to a jury of six persons.

## CERTIFICATE OF REVIEW

1. The undersigned have consulted with professionals who have expertise in the areas of the alleged negligent conduct of each of the licensed professionals named as parties in this action.

2. The professionals who have been consulted, pursuant to C.R.S., §13-20-602(3)(a)(I), have reviewed the known facts, including such records, documents and other materials which the professionals have found to be relevant to the allegations of negligent conduct and, based on the review of such facts, have concluded that the filing of the claims do not lack substantial justification within the meaning of C.R.S., §13-17-102(4).

3. The professionals consulted can demonstrate by competent evidence that, as a result of training, education, knowledge and experience, the professionals are competent to express an opinion as to the negligent conduct alleged. As to the negligent conduct alleged regarding physician, the professional consulted meets the requirements of §13-64-401.

Respectfully submitted this 19th day of July 2010.

SCHOENWALD & THOMPSON LLC
*Duly signed copy of this Complaint is on file at undersigned's offices*

/s/ Julia T. Thompson

Julia T. Thompson

Plaintiffs' address:

4892 S. Highway 17, #14
Alamosa, CO 81101

5